Kenneth HANSON, Petitioner, Appellant,

v.

KITTSON–MARSHALL RURAL WATER
SYSTEM, Respondent.

No. 46866.

Supreme Court of Minnesota.

July 22, 1977.

McEwen & Novacek and John C. Novacek, Thief River Falls, for appellant.

Brink, Sobolik, Severson & Vroom and Ronald C. Vroom, Hallock, for respondent.

## PER CURIAM.

Pursuant to procedures set forth in Minn.St. c. 116A, the counties of Kittson and Marshall established a judicial improvement consisting of a piped water system to rural homesteads. The system was established in August 1972 in the district court following the filing of a petition. All of the necessary steps for establishment of the system, including the determination of benefits and damages, were accomplished on June 4, 1975.

After the foregoing proceedings had taken place, the court in late July 1975 notified appellant-landowner of a supplemental assessment, pursuant to Minn.St. 116A.18, subd. 1, advising him that the court would conduct a hearing on August 6, 1975, to consider assessing his property into the rural water system. The notice specified that the assessments would be upon "a unitary basis without regard to acreage or frontage" upon the water system.

Appellant appeared at the hearing and objected to the assessment.

The court determined appellant's property had been inadvertently omitted although the plans and specifications showed his parcel would be served from the system. The court also found that by reason of the omission appellant did not receive notice of the original assessment hearing and did not appear at that hearing. The court granted

the supplemental assessment and ordered appellant's property placed upon the assessment roll in the same manner as all other parcels and in the same amount.

Appellant timely appealed to the district court from the order pursuant to Minn.St. 116A.19, subd. 1. Upon motion by respondent, the district court dismissed appellant's appeal upon the ground that the court lacked jurisdiction, and this appeal followed.

■ Respondent concedes an ambiguity between the provisions of § 116A.19, subds. 1 and 4.[1] Respondent asserts that the am-

1. Minn.St. 116A.19 provides in pertinent part: "Subdivision 1. Any party aggrieved may appeal to the district court from an order of the board or court made in any proceeding.

"(a) To render the appeal effectual, the appellant shall file with the auditor or clerk within 30 days after the filing of such final order a notice of appeal which shall state the particular damages appealed from and the ground upon which the appeal is taken. The notice of appeal shall be accompanied by an appeal bond to the county where the property is located of not less than $250 with sufficient surety to be approved by the auditor or clerk, conditioned that the appellant will duly prosecute the appeal and pay all costs and disbursements which may be adjudged against him and abide the order of the court. Within 30 days after such filing, the auditor, in case of a county water or sewer improvement proceeding, shall return and file with the clerk of the district court the original notice and appeal bond.

"(b) The issues raised by the appeal shall stand for trial by jury and shall be tried and determined at the next term of the district court held within the county in which the proceedings were commenced, or in such other county in which the appeal shall be heard, beginning after the filing of the appeal; and shall take precedence of all other matters of a civil nature in court. If there be more than one appeal triable in one county, the court may, on its own motion or upon the motion of a party in interest, consolidate two or more appeals and try them together, but the rights of the appellants shall be separately determined. If the appellant fails to prevail, the cost of the trial shall be paid by the appellant. In case of appeal as to damages to property situated in the county other than the county where the sewer or water proceedings are pending, and if the appellant so requests, the trial shall be held at the next term of the district court of the county wherein the lands are situated. In such case, the clerk of the district court where the appeal is filed, shall make, certify and file in the office of the clerk of the district court of the county where the trial is to be had, a transcript of the papers and documents on file in his office in the proceedings so far as they pertain to the matters on account of which the appeal is taken. After the final determination of such appeal, the clerk of the district court where the action is tried, shall certify and return the verdict to the district court of the county where the proceedings were instituted.

"(c) The clerk of the district court shall file a certified copy of the final determination of any such appeal with the auditor of the county affected.

"Subd. 2. In all cases of appeal from an order determining damages to property from the construction of any system, improvement, or extension, the amount awarded by the jury as finally determined shall stand for and in the place of the amount from which the appeal was taken. In all cases of appeal from an order confirming special assessments, the court shall either affirm the assessment or set it aside and order a reassessment as provided in section 116A.18, subdivision 2. The court may order reassessment of one or more or all of the properties appearing on any special assessment roll. Upon reassessment of any property, the board or court shall have jurisdiction to reassess such other properties as it may deem necessary to spread the cost equitably, provided that notice is given to the owners of all properties reassessed. In any case of appeal from a special assessment, no reassessment shall be ordered unless the original assessment is determined to be arbitrary, unreasonable, or based on a mistake of law.

"Subd. 3. Any party aggrieved thereby may appeal to the district court of the county where the proceedings are pending from any order made by the county board dismissing the petition for any water or sewer system or establishing or refusing to establish any water or sewer system or the assessment of benefits. The appellant shall serve notice of appeal and give bond as provided in subdivision 1. Upon appeal being perfected, it may be brought on for trial by either party upon ten days notice to the other, and shall then be tried by the court without a jury. The court shall examine the whole matter and receive evidence to determine whether the findings made by the county board can be sustained. At the trial the findings made by the county board shall be prima facie evidence of the matters therein stated and the order of the county board shall be deemed prima facie reasonable. If the court shall find that the order appealed from is lawful and reasonable, it shall be affirmed. If the court finds that the order appealed from is arbitrary, unlawful, or not supported by the evidence, it shall make such order to take the place of the order appealed from as is justified by the record before it or remand such matter to the

biguity exists because of the legislature's attempt to accommodate in the same section appeals concerning two procedures authorizing the establishment of a public water system. That is, in a single county system the power to establish and handle the matter is placed in the county board. In a multicounty system, the proceeding is placed in the district court. Respondent contends that whether the system is a judicial proceeding or a county board proceeding is determinative of the appellate procedure to be followed, and if the former, the landowner's appeal is to the supreme court.

It must be recognized that § 116A.18, subd. 1, applies to both methods of establishing a water system and provides a separate and distinct supplemental assessment proceeding to correct errors and omissions in prior proceedings establishing the system conducted by either the county board or district court. In supplemental assessment proceedings, § 116A.18, subd. 1, expressly requires that the owner of each parcel included in the supplemental assessment receive notice and "a hearing as provided for the original assessment" proceeding.

Minn.St. 116A.19, subd. 1, provides in part:

"Any party aggrieved may appeal to the district court from an order of the board or court made in any proceeding."

Subdivisions 3 and 4 are limited to appeals from orders or judgments relative to specific subject matters. Subdivision 3 governs appeals from orders of a county board establishing or refusing to establish any public water system, and subd. 4 governs appeals to the supreme court from final orders or judgments "rendered on appeal to the district court." Subdivision 1 governs all other appeals from orders of the county board or the district court "made in any proceeding" before either forum, and subd.

1(b) affords to the appellant a right to trial by jury.

We are compelled to remand appellant's appeal to the district court. The legislature clearly intended that an appeal to the district court from an order made pursuant to § 116A.18, subd. 1, should be heard by the district court even though the multicounty system was initially established by that court.

■ Although the right to a jury trial was not passed on in the district court, it should be ruled on here not only for the practical reason that on remand the trial court will be faced with the issue, but also for the reason that appellant was deprived of his right to a jury trial. It must be recognized that § 116A.18 was enacted to meet the problem where it is discovered after establishment of a public water system that certain properties have been omitted. Section 116A.19, subd. 1, was enacted to provide affected landowners a remedy.

In this instance, all the district court did was to include appellant's land in the water system and subject his land to the previously established assessment. Appellant objected to being included as he represented in his notice of appeal that he had an adequate water system and had no voice in the fixing of the original assessment. As indicated, the broad language of § 116A.19, subd. 1, provides him—no less than landowners originally included—a right of appeal to the district court together with a right to a jury trial on the issues raised.

We conclude that the legislature in enacting § 116A.19, subd. 1, intended that those landowners brought into the water system pursuant to the provisions of § 116A.18, subd. 1, are entitled to a review in the district court and a jury trial on all fact issues.

Reversed and remanded.

---

county board for further proceeding before the board. After determination of the appeal, the county board shall proceed in conformity therewith.

"Subd. 4. Any party aggrieved by a final order or judgment rendered on appeal to the district court, or by the order made in any judicial improvement proceeding dismissing the petition therefor or establishing or refusing

to establish any judicial improvement or assessing benefits, may appeal therefrom to the supreme court in the manner provided in civil actions. Such appeal shall be made and perfected within 30 days after the filing of the order or entry of judgment. The notice of appeal shall be served on the clerk of the district court and need not be served on any other person."